The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JASON DESIMAS, et al.,<br><br>Defendants. | NO. CR20-222RAJ<br><br>GOVERNMENT'S MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER<br><br>Noted: January 29, 2021 |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Ye-Ting Woo, Assistant United States Attorney, and Christine M. Siscaretti, Trial Attorney, Civil Rights Division, United States Department of Justice, files this motion for entry of a Discovery Protective Order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. In short, the government seeks to ensure that personal information and sensitive material contained in the discovery in this case is not disseminated to anyone other than defense counsel and members of their litigation and investigative teams. The government has consulted with counsel for Defendant Jason DeSimas regarding the terms of the proposed Discovery Protective Order. It is the government's understanding that DeSimas opposes the terms of the Discovery Protective Order and consider the terms to be overbroad.

MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER/
*United States v. DeSimas, et al* CR20-222RAJ - 1

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

Defendant DeSimas and his codefendants[1] are charged in an Indictment with three counts of Hate Crime, in violation of Title 18, United States Code, Sections 2 and 249(a)(1), relating to a racially-motivated assault of a Black man, T.S., and two other men who intervened in aid of T.S. Dkt. No. 1, Indictment. Each of the four defendants are also charged with one count of False Statements, in violation of Title 18, United States Code, Section 1001.  In the early morning hours of December 8, 2018, the defendants and approximately 13 other men and women who were associated with, supporters of, and/or members of Hammerskin Nation and/or Crew 38, went to a restaurant and bar business in Lynnwood, Washington. The defendants assaulted T.S., who was volunteering as a DJ for the business that night, because of T.S.'s actual or perceived race. Before, during, and after the assault, racially-derogatory comments, including the word 'n—ger," were yelled and directed at T.S., by the defendants and others. Two other men, J.B. and A.D., who were not associated with the defendants' group, intervened in an effort to protect T.S., and they, too, were assaulted and suffered bodily injury. Several members of the defendants' group surrounded the victims while they were being beaten by the defendants. While leaving the business, DeSimas was captured on video, threatening to "beat the brakes off" T.S. During December 2020, the defendants were interviewed by federal agents and made false statements during those interviews.

The government anticipates that pursuant to its obligations under Federal Rule of Criminal Procedure 16, Brady, and Giglio, and the Due Process Protection Act of 2020, it will be required to produce discovery consisting of (a) Grand Jury transcripts and exhibits; (b) search warrant pleadings filed under seal; (c) victim and witness statements, including but not limited to reports of law enforcement officers memorializing victim and witness statements, and written and recorded statements by the victim and witnesses; (d) victim medical records and photographs of injuries; and (e) documents, records, and other

---

[1] Defendant Daniel Delbert Dorson was arrested in the District of Oregon and ordered transferred to this district; he has not yet arrived in district. Defendant Randy Smith is in pre-trial custody at FCI Sheridan in an unrelated federal case. Defendant Jason Stanley is serving a sentence in the Idaho Department of Corrections.

MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER/
*United States v. DeSimas, et al,* CR20-222RAJ - 2

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

writings containing personal information about or related to victims and witnesses, including employment records and criminal records. The government considers the term "personal information" to also refers to each victims' and witness's full name, date of birth, Social Security number (or other identification information), driver's license number, residence address, telephone number, location of residence, name of employer or employment, school records, criminal records, and other confidential information.

Title 18, United States Code, Section 3771(a)(8), otherwise known as the Justice for All Act, provides that a crime victim's rights include "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." A crime victim also has the right to enforce their rights under The Justice for All Act. *See* 18 U.S.C. §3771(d). In accordance with Title 18, United States Code, Section 3773(f)(1), wherein the Attorney General is directed to promulgate regulations to enforce the rights of crime victims, all federal employees in the Department of Justice are required to adhere to the Attorney General's Guidelines for Victim and Witness Assistance. Specifically, the Attorney General's Guidelines direct that:

> Consistent with the purposes of 18 U.S.C. §3771(a)(8), Department employees engaged in the investigation and prosecution of a crime shall respect victims' privacy and dignity. In particular, Department employees should use their best efforts to respect the privacy and dignity of especially vulnerable victims, such as elderly or juvenile victims and victims of sex offenses or domestic violence. Employees with access to private victim information should not reveal that information to anyone who does not have a need to know it.

Title 22, United States Code, Section 7105(c)(1)(C)(ii) and Title 28, Code of Federal Regulations, Section 1100.31(d), delineate protection for victims of sex crimes. Although the charged offenses do not involve sex offenses, this is a violent crime prosecution involving a racially-motivated physical assault of a black man, and the assault of two other men. Given the sensitivities and security concerns in the case at hand, statutory provisions aimed at protecting victims of sex crimes should similarly apply to victims and lay witnesses in this violent crime prosecution Specifically, that the government take affirmative steps to ensure that names and identifying information for

MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER/
*United States v. DeSimas, et al,* CR20-222RAJ - 3

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

victims and witnesses are kept private, and that confidentiality about them and their personal details are maintained by the government.

Here, in addition to three victims, there were numerous witnesses, some of whom were part of the defendants' group and some of whom were patrons of the business, unrelated to the defendants' group.  The safety of victims and witnesses is paramount in this prosecution where the defendants, charged with a hate crime, are either members or associated with members of white supremacist groups – specifically, Hammerskin Nation and Crew38), which have far-reaching membership. Many witnesses were interviewed by law enforcement, and some of them have expressed concern for their personal safety if their identities and information are disclosed. This concern for personal safety and potential for being targeted by other Hammerskin or Crew38 members, was also expressed in the written statement of one of the victims. *See* Dkt. 17-C (filed under seal). Disclosure and dissemination about victims and witnesses, including their identities and substance of their statements during the investigation, without the protection of the proposed Discovery Protective Order, will likely subject them to harassment and intimidation, and possibly physical and economic harm.

The "safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to national security, and the protection of business enterprises from economic reprisals" should be factors that the court considers in crafting the parameters of a discovery protective order. 2 Charles Alan Wright et al., Federal Practice & Procedure Criminal § 262 (4th ed. 2013)). Moreover, Rule 16's advisory committee notes to the 1974 amendments provides that "it is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed. *See Will v. United States,* 389 U.S. 90 (1967); Fed. R. Crim. P. 16 advisory committee's note to 1974 amendments.

Much of the discovery materials that the government seeks to safeguard within the terms of the proposed Discovery Protective Order consist of statements by victims and

MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER/
*United States v. DeSimas, et al,* CR20-222RAJ - 4

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

witnesses, and their personal information. Rule 16 does not require the government to produce these categories, which include *Jencks Act* statements, well in advance of trial. Although the government would advise defendants of the identity of witnesses and any impeachment material prior to trial, production of their written and recorded statements are not statutorily mandated until after they testify. However, with the protective terms in a Discovery Protective Order, the government intends to provide early production of *Jencks Act* statements and personal information about and related to victims and witnesses, in advance of trial. The proposed Order balances the right of defendants to obtain discovery in advance of trial to assist counsel and prepare for trial, with the need to maintain the privacy and confidentiality of victims and witnesses, to ensure their safety, and to prevent attempts by defendants and others to obstruct justice through harassment or intimidation of victims and witnesses.

As set forth in the proposed Discovery Protective Order, in-custody defendants will be allowed to view Protected Material in the FDC Education Department under the policies and procedures of BOP and FDC SeaTac, but cannot keep a copy of the Protected Material in their cell. As for any out-of-custody defendant, they may view Protected Material in the presence of a member of the defense litigation or investigative team. With COVID-19 restrictions and the need to limit any in-person meetings, the government believes that the defense team could conduct review of the Protected Material through Zoom or other online video-conferencing system, and using the "share screen" function, show the Protected Material to their client during the virtual meeting. It would be the defense team's responsibility to ensure that the defendant does not allow any other person to participate or view the Protected Material while in conference, or take an image of the screen using a digital device.

MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER/
*United States v. DeSimas, et al,* CR20-222RAJ - 5

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

<u>Conclusion</u>

For the reasons above, the United States respectfully requests this Court to enter the proposed Discovery Protective Order.

Dated this 21st day of January, 2021.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

/s/Ye-Ting Woo
YE-TING WOO
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970
Ye-Ting.Woo@usdoj.gov

/s/Christine M. Siscaretti
CHRISTINE M. SISCARETTI
Trial Attorney
Civil Rights Division
U.S. Department of Justice
Christine.Siscaretti@usdoj.gov

MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER/
*United States v. DeSimas, et al,* CR20-222RAJ - 6

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WA 98101
(206) 553-7970