Judge Jones

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

JASON DESIMAS, et al.,

Defendants.

NO. CR20-222RAJ

DISCOVERY PROTECTIVE ORDER

This matter, having come to the Court's attention on the United States of America's Motion for Entry of a Discovery Protective Order Pursuant to Rule 16(d)(1), and the Court, being fully informed and having reviewed the entirety of this case, and overruling any objection by defendant Jason DeSimas, hereby GRANTS the government's motion and enters the following PROTECTIVE ORDER:

1. Protected Material

The following documents and materials are deemed Protected Material and will accordingly be marked as PROTECTED in the discovery.  The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations.  Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals,

law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).  The following are the categories of Protected Material:

a. Grand Jury transcripts and exhibits;

b. Sealed search warrant materials;

c. Statements from victims, including written and recorded statements, as well as statements that have been memorialized in law enforcement reports;

d. Statements from witnesses as defined below; such statements include written and recorded statements, as well as statements that have been memorialized in law enforcement reports;

e. Victim medical records and photographs of injuries;

f. Documents, records, and other writings containing personal information about or related to victims and witnesses, including employment records, criminal records, social media accounts, photographs, videos, and other similar information.

As used in this Order, the terms "witnesses" and "personal information" are to be construed as follows:

***Witnesses:*** All witnesses who have provided statements to the government, ***but exclusive of*** <u>law enforcement officers, deputies, and agents</u>[1] and <u>members of the Defendants' Group</u>.[2]

***Personal Information:*** Refers to each victims' and witness's full name, date of birth, Social Security number (or other identification information), driver's license

---

[1] Law enforcement include those members of federal, county, and local law enforcement who prepared reports or statements based on their actions taken during the course of the investigation.

[2] Members of the Defendants' Group include those individuals who accompanied the Defendants to the Lynnwood business on December 8, 2018, specifically, G.M., V.N., P.M, C.C., N.W., T.C., L.N., C.G., K.R., G.W., R.H., and E.K.

DISCOVERY PROTECTIVE ORDER
*United States v. DeSimas, et al.,*
CR20-222RAJ- 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

number, residence address, telephone number, location of residence, name of employer or employment, and other confidential information.

2.  Scope of Review of Protected Material

Defense attorneys of record and members of the defense team may display and review the Protected Material with the Defendants. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendants and other persons is prohibited, and agree not to duplicate or provide copies of Protected Material to, the Defendants and other persons. The defense attorneys will advise their respective clients that they cannot take images of the Protected Material or knowingly allow others to do so and that to do so would violate this Protective Order. The defense attorneys will also provide a copy of this Protective Order to their respective client defendant and advise the defendant of the consequences of violating such an order, as set out in Paragraph 7.

For an in-custody defendant, notwithstanding the terms of this Order, defense counsel may provide a completed copy of the FDC's Electronic Discovery and Legal Material Authorization Form, and electronic copies of any Protected Material to the Education Department in the Federal Detention Center at SeaTac, Washington. Defendant may review the electronic copies of Protected Material in the FDC Education Department pursuant to BOP and FDC SeaTac's policies and procedures, but will not be permitted to have a copy of the Protected Material in his cell.

As for any out-of-custody defendant, they may view Protected Material in the presence of a member of the defense team. With COVID-19 restrictions and the need to limit any in-person meetings, the defense team may conduct review of the Protected Material through an online video-conferencing system using the 'share screen' function and show the Protected Material to their client defendant during the virtual meeting..

The prosecution team, which includes representatives from the United States Attorney's Office for the Western District of Washington and the Civil Rights Division of the U.S. Department of Justice, is similarly allowed to display and review the

DISCOVERY PROTECTIVE ORDER
*United States v. DeSimas, et al.,*
CR20-222RAJ- 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

Protected Material to lay witnesses, but is otherwise prohibited from providing copies of the Protected Material to lay witnesses, i.e. non-law enforcement witnesses.

3. <u>Compliance with Terms of Protective Order</u>

Members of the prosecution and defense teams are subject to the terms and conditions of this Protective Order.  They are required to inform and ensure compliance with the terms of this Order by other members of the prosecution and defense teams added to the teams after entry of the Order.

4. <u>Parties' Reciprocal Discovery Obligations</u>

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

5. <u>Filing of Protected Material</u>

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. <u>Non-Termination</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution.

7. <u>Violation of Protective Order</u>

Any violation of any term or condition of this Order by a Defendant, their attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, may result in the offender being held in contempt of court, and/or monetary or other sanctions as deemed appropriate by this Court.

DISCOVERY PROTECTIVE ORDER
*United States v. DeSimas, et al.,*
CR20-222RAJ- 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

Should any party seek to modify the terms of this Order, the parties must meet and confer about any such requested modification prior to requesting relief from the Court.

DATED this 16th day of February, 2021.

The Honorable Richard A. Jones
United States District Judge

DISCOVERY PROTECTIVE ORDER
*United States v. DeSimas, et al.,*
CR20-222RAJ- 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970