Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JASON DESIMAS,<br>JASON STANLEY,<br>RANDY SMITH, and<br>DANIEL DELBERT DORSON,<br><br>Defendants. | NO. CR20-222-RAJ<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT STANLEY'S MOTION TO CONTINUE PRETRIAL MOTIONS FILING DATE AND TRIAL DATE |

The United States of America hereby responds to the Motion to Continue Pretrial Motions Filing Date and Trial Date filed by Defendant Jason Stanley. Dkt. 97. As discussed below, the government has no objection to Stanley's request, but respectfully submits that if a continuance is granted as to Stanley's trial date, the Court also should continue the December 6, 2021, trial date set for Defendant Jason DeSimas to the same date.

## PROCEDURAL BACKGROUND

On December 6, 2020, a federal grand jury in this District issued a seven count Indictment charging defendants Jason DeSimas, Jason Stanley, Randy Smith, and Daniel Delbert Dorson with three counts of hate crimes in violation of Title 18, United States Code, Section 249. The three counts arise from assaults allegedly committed by the

1 defendants against three victims in Snohomish County, Washington, on or about
2 December 8, 2018, because of a person's actual and perceived race. Dkt. 1. The
3 Indictment also charges each of the defendants with one count of making a false
4 statement to the FBI in violation of Title 18, United States Code, Section 1001. *Id.*

5       Defendant Randy Smith is currently detained at FCI Sheridan pending unrelated
6 federal charges filed in the District of Oregon. Smith has not yet made an appearance in
7 this case, but is represented by attorney Ralph Hurvitz.

8       Defendant Daniel Delbert Dorson plead guilty to Counts 1 and 7 of the Indictment
9 on April 27, 2021 (dkt. 76), and is scheduled for sentencing on January 7, 2022. Dkt. 84

10       Defendant Jason DeSimas is detained pending trial, which is scheduled to
11 commence on December 6, 2021. Dkt. 50.

12       Defendant Jason Stanley is currently in the custody of the Idaho Department of
13 Corrections serving time on unrelated charges. He was transported to the Western
14 District of Washington pursuant to a writ and made his initial appearance in this District
15 on October 22, 2021, the same at which the Court also conducted an arraignment. Dkt.
16 92. Stanley's trial date is currently scheduled for December 27, 2021. *Id*.

17       On November 3, 2021, counsel for Defendant Stanley filed a motion asking the
18 Court to extend his trial date until April 2022. This request is premised on the fact that
19 Stanley only recently arrived in the District and counsel needs sufficient time to prepare
20 with Stanley in person. Dkt. 97.

21 **ARGUMENT AND ANALYSIS**

22       Due to Stanley's recent arrival in the Western District of Washington and his
23 counsel's prior inability to meet with him in person to prepare for trial, the government
24 does not object to Stanley's request to continue his trial until the Spring of 2022. The
25 government does not believe, however, that other defendants should proceed forward
26 with separate trials, as the same facts and law apply to all of the defendants and there is
27 no assertion by any party that joinder of the defendants is improper. Under these
28 circumstances, it would waste time and resources to conduct almost identical trials more

1  than once.  In order to avoid this inefficiency, the government requests that if the Court
2  grant Stanley's request for a continuance, it also continue the December 6, 2021, trial
3  date for defendant DeSimas to the same date.  Such a continuance would not violate
4  DeSimas' speedy trial rights because the defendants are properly joined.  In multi-
5  defendant cases, a reasonable trial continuance as to any defendant tolls the Speedy Trial
6  Act period as to all joined codefendants, even those who object to a trial continuance or
7  who refuse to submit a waiver under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(7)
8  ("A reasonable period of delay [is excluded] when the defendant is joined for trial with a
9  codefendant as to whom the time for trial has not run and no motion for severance has
10 been granted."); *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999) ("It is well
11 established that an exclusion from the Speedy Trial clock for one defendant applies to all
12 codefendants."); *United States v. Daychild*, 357 F.3d 1082, 1090-91 (9th Cir. 2004)
13 (holding that a delay from a grant of trial continuance to one defendant is also excludible
14 time for a joined codefendant); *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993)
15 (same).
16 //
17 //
18 //

## CONCLUSION

For the foregoing reasons, the government does not oppose Defendant Stanley's Motion to Continue Pretrial Motions Filing Date and Trial Date. In the interests of efficiency and preservation of resources, however, the government asks that if the Court grants Stanley's Motion, it also continue the trial date currently scheduled for Defendant DeSismas to the same date so the parties can proceed with one trial for both defendants.

Dated this 5th day of November, 2021.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

/s/ Rebecca S. Cohen
REBECCA S. COHEN
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970
Rebecca.Cohen@usdoj.gov

/s/ Christine M. Siscaretti
CHRISTINE M. SISCARETTI
Trial Attorney
Civil Rights Division
U.S. Department of Justice
Christine.Siscaretti@usdoj.gov