Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON DESIMAS,<br><br>    Defendant. | No. CR 20- 222 RAJ<br><br>DEFENDANT'S OBJECTIONS & SUGGESTED REVISIONS TO THE DRAFT PRESENTENCE REPORT<br><br>Sentencing: January 27, 2023 – 10:00 a.m. |

Pursuant to Fed.R.Crim.P. 32(f), Defendant JASON DESIMAS submits the following objections and suggested revisions to the draft presentence report:

1. <u>Revisions to Cover Page</u>:

> **Assistant United States Attorney**
> Rebecca Cohen
> 700 Stewart Street, Suite 5220
> Seattle WA 98101
> rebecca.cohen@usdoj.gov
>
> **Defense Counsel**
> Stephan Illa
> PO BOX 10033
> ~~Seattle~~ Bainbridge Island WA 98110
> thestephanator@msn.com
>
> **Sentence Date:** ~~October 28, 2022~~ January 27, 2022 – 10:00 AM

DEFENDANT'S OBJECTIONS & SUGGESTED REVISIONS
TO THE DRAFT PRESENTENCE REPORT – 1

LAW OFFICES OF STEPHAN R. ILLA, P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA  98110
(206) 817-4142

2. <u>Revisions to ¶¶ 1 – 6</u>:

> 1. On December 16, 2020, Jason DeSimas ~~was~~ <ins>and three others were</ins> charged in a seven-count indictment with hate crimes and false statements. <ins>Mr. DeSimas was charged with three counts of hate crime and one count of false statement.</ins>
>
> 2. On April 8, 2022, Mr. DeSimas pled guilty to two counts of the indictment, Count 1: Hate Crime and Count 4: False Statement, in accordance with a written Rule 11 Plea Agreement. The Plea Agreement includes a waiver of appeal. In addition, the parties have agreed to the following guideline calculations:
>    - Count 1: Hate Crime; a base offense level of 14, per section 2H(a)(1).
>    - Serious bodily injury, a five-level upward adjustment, per section 2A2.2.
>    - Hate crime motivation, a three-level upward adjustment, per Section 3A1.1.
>    - Count 4: False Statements; a base offense level of 6, per section 2B1.1(a)(2).
>
> 3. On December 21, 2020, Mr. DeSimas ~~was arrested by~~ <ins>voluntarily surrendered to</ins> the United States Marshals deputies on a warrant related to the instant offense. He made his initial appearance that same date, where he pled not guilty to the instant offense. He was ordered to remain in detention and ~~is currently housed~~ <ins>and since then has been held</ins> at the SeaTac Federal Detention center.
>
> **Codefendants**
>
> 4. STANLEY, Jason (2:20CR00222-2): Mr. Stanley is named in the same indictment as Mr. Desimas. The Court ordered a bench warrant on December 16, 2020. ~~This warrant remains outstanding.~~ <ins>Stanley plead guilty pursuant to a plea agreement 09.21.2022 - docket 161</ins>
> 5. SMITH, Randy (2:20CR00222-3): Mr. Smith is named in the same indictment as Mr. Desimas. The Court ordered a bench warrant on December 16, 2020. ~~This warrant remains outstanding.~~ <ins>Smith plead guilty pursuant to a plea agreement 08.22.2022 - docket 155</ins>
> 6. DORSON, Daniel (2:20CR00222-1): Mr. Dorson is named in the same indictment as Mr. Desimas. He was detained on December 21, 2020, and pled guilty <ins>on 04.29.2022</ins> to hate crime and false statements. He is awaiting sentencing.
>
> **Related Cases**
>
> 7. None.

3. <u>Objection to ¶ 17</u>:  The defense admits that "As a result of the assault, T.S. suffered serious bodily injuries."  *See* Plea Agreement, Docket 124 (04.08.2022) at ¶ 8(k).

The defense disputes the assertion that T.S. "suffered serious bodily injuries to his head, back, chest and legs," and requests that all medical records or witness statements supposedly evidencing these injuries be produced before sentencing.

The defense denies that T.S. "lost consciousness" during the assault, and maintains that the video recording of the incident – as well as T.S.'s admissions to authorities at the time – demonstrate that the man never lost consciousness.  The defense requests that all medical records or witness statements supposedly evidencing this loss of consciousness be produced before sentencing.

And the defense denies that the assault, "coupled with the racist slurs he was subjected to, will cause long term effects on T.S., known and unknown."  No evidence supports this assertion, nor have any "long-term effects" ever been

DEFENDANT'S OBJECTIONS & SUGGESTED REVISIONS
TO THE DRAFT PRESENTENCE REPORT – 2

LAW OFFICES OF STEPHAN R. ILLA, P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA  98110
(206) 817-4142

identified.  The defense requests that all medical records or witness statements supposedly evidencing these assertions be produced before sentencing.

4. Objection to ¶ 52:



**Other Arrests**

52. Mr. DeSimas has a total of 6 driving while lice suspended cases. These cases do not score per §4A1.2(c)(1).

Mr. DeSimas denies ever having driven with suspended lice.

5. Objection to ¶ 103:  The defense requests that the amount of restitution sought by T.S. be identified before sentencing, and that each component element be described in detail.  The defense also requests that all receipts, damage calculations, medical records or witness statements supposedly evidencing any element of the amount sought be produced before sentencing.

6. Request for Rule 32 Hearing on Disputed Factual Issues:  If the factual statements to which defendant has interposed objections are not corrected or stricken from the report, the defense requests a hearing pursuant to Fed.R.Crim.P. 32(i)(2) and asks that the court resolve the disputed matters or determine that a ruling is unnecessary pursuant to Fed.R.Crim.P. 32(i)(3)(B).

Respectfully Submitted on December 6, 2022.

LAW OFFICES OF STEPHAN R. ILLA, INC., P.S.

Stephan R. Illa
  WSBA No. 15793
Attorney for Defendant