Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON DESIMAS.<br><br>Defendant. | No. CR 20 – 222 RAJ<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Sentencing: January 27, 2022 – 10:00 a.m. |

**1. Defense Recommendation**

The defense recommends that Mr. DeSimas be sentenced to a term of thirty-seven months of imprisonment.  This proposed sentence is jointly recommended by the parties and Probation.  It achieves all the goals of sentencing and adequately punishes this defendant for his criminal conduct.  Mr. DeSimas asks the Court to please recommend that he be placed at FCI-Lompoc or FCI-Stafford.

**2.  USSG Calculations**

The defense agrees with the USSG calculations proposed by the Probation Department including its determination that this defendant falls into Criminal History Category V. [1]

---

[1] Final Presentence Report, ¶¶ 22–43, and ¶ 85 (01.11.2023).

DEFENDANT'S SENTENCING MEMORANDUM – 1

### 3. Argument

**3.1. Legal Standard.**

The Court's duty is to "make its own reasonable application of the § 3553(a) factors, and to reject – after due consideration – the advice of the Guidelines" if it is inconsistent with the Court's judgment concerning what the appropriate sentence ought to be. [2]

**3.2.  A 37-month sentence sufficiently serves the factors identified in § 3553(a).**

Mr. DeSimas has taken responsibility for his actions and expressed his sincere regret for breaking the law. [3] Letters from his friends and family have been submitted on his behalf. [4]

When he learned that an indictment had been handed down, Mr. DeSimas voluntary surrendered to the authorities. Shortly thereafter, he was arraigned on the charges in the indictment and ordered detained pending trial. [5] He has been in custody since December 2020. By the time of sentencing, he will have already served 25 months in federal detention.

While confined, Mr. DeSimas has been subjected to extraordinarily harsh conditions at the Federal Detention Center. One significant factor has been the COVID-19 pandemic and BOP's response to the virus. Throughout long stretches of 2021 – 2022, the FDC was subject to frequent, extended lock-downs. During these times, inmates were confined to their two-man cells for three to four days at a time, released only for thirty-minutes every few days. When released for the half-hour, inmates had the choice of going to the showers or to the phones. There was never enough time for both.

---

[2] Kimbrough v. United States, 552 U.S. 85, 113 (2007) (Scalia, J., concurring).
[3] Mr. DeSimas has written a letter to the Court which has been submitted as Exhibit A.
[4] *See* Exhibit B, filed herewith.
[5] Minute Entry: Initial Appearance, Arraignment & Detention Hearing, Docket 18 (12.21.2020).

DEFENDANT'S SENTENCING MEMORANDUM – 2

Law Offices of Stephan R. Illa, P.S.
P.O. Box 10033,
Bainbridge Island, WA  98110
(206) 817-4142

The lockdowns isolated the inmates from their families and their lawyers. Although he was represented by an Assistant Federal Public Defender throughout 2021, Mr. DeSimas received only two visits from his lawyer. Attempts to contact her by phone were unavailing.

In December 2021, Mr. DeSimas secured a new attorney and had two in-person conferences with him before the end of the month. Unfortunately, the FDC was ordered locked down for the entire month of January 2022 and the first week of February 2022. During the remainder of 2022, access to counsel was not impeded, and Mr. DeSimas and his new counsel met twenty-one times to discuss the case and move it toward resolution.

In addition to the lack of access to family and counsel, Mr. DeSimas and the other residents of FDC have lived with food shortages for months. Beginning in late summer 2022, the amount, quality, and nature of the food provided began to deteriorate. By September 2022, FDC announced "budget constraints, shipping delays, and inflation costs" were impacting the "national menu." [6] Inmates were reassured that the only food items affected would be "fish, fruit, produce, bread, chicken patties, and beef patties." [7] Thus, for months, Mr. DeSimas was provided with a steady diet of nothing but rice and beans. [8]

Despite the frustrations and difficulties of living at FDC, Mr. DeSimas has tried to take advantage of opportunities for rehabilitation. He completed one program at the institution and has submitted a copy of his certificate of completion. [9] He is a dedicated reader and remains committed to self-improvement.

---

[6] *See* Exhibit C: S.Dosanj, FDC SeaTac Inmate Bulletin: Food Service National Menu (09.15.2022).
[7] Id.
[8] Mr. DeSimas reports that on alternate days, the "rice and beans" meal was replaced with "beans and rice."
[9] *See* Exhibit D: Certificate of Achievement, Health & Nutrition Seminar (10.11.2022)

DEFENDANT'S SENTENCING MEMORANDUM – 3

LAW OFFICES OF STEPHAN R. ILLA, P.S.
P.O. BOX 10033,
BAINBRIDGE ISLAND, WA 98110
(206) 817-4142

Upon his release from custody, Mr. DeSimas plans to reconnect with family and re-establish his tattoo business.

### 4. Conclusion

A 37-month sentence adequately punishes this defendant and satisfies the purposes of 18 U.S.C. § 3553(a).

Respectfully Submitted on January 20, 2023.

LAW OFFICES OF STEPHAN R. ILLA

Stephan R. Illa
　　WSBA No. 15793
Attorney for Defendant