Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JASON DESIMAS,<br><br>    Defendant. | No. CR 20- 222 RAJ<br><br>DEFENDANT'S OBJECTIONS TO RESTITUTION DEMAND<br><br>Sentencing: January 27, 2023 – 10:00 a.m. |

Defendant JASON DESIMAS submits the following objections to the government's demand for restitution, which is detailed in Exhibit B to the USA's Sentencing Memorandum, Docket 179-1 (01.20.2023).

**1. Objection to Claim for Lost Wages After January 1, 2021:**

The defense concedes that Mr. DeSimas should be ordered to reimburse the Crime Victim's Compensation Program [CVCP] a total of $15,000 paid to TS between December 2018 and December 2020. The defense also concedes that $10,000 in TS's lost wages during 2018-2020 not covered by the CVCP should be included in the restitution order.

DEFENDANT'S OBJECTIONS TO
RESTITUTION DEMAND – 1

LAW OFFICES OF STEPHAN R. ILLA, P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA 98110
(206) 817-4142

**The defense objects to the demand for lost wages between January 1, 2021 and July 31, 2022,** because the proof submitted is insufficient. In support of this claim, the government produced documents purporting to demonstrate that TS was unable to work due to PTSD. The reports produced by the government are summarized below.

- On December 19, 2018 [eleven days after the assault], Licensed Mental Health Counselor Erin Heath met with TS. After a second meeting on December 31, 2018, she wrote a report declaring that TS suffered from PTSD, and that "he has been unable to return to work since he experienced the traumatic event."

- On April 8, 2019, Dr. Kavitha Chunchu wrote a note stating that TS would be "out of work from 03.29.2019 to 04.30.2019 related to ongoing musculoskeletal issues."

- On April 26, 2019, Dr. Chunchu wrote another note, this one saying TS would be "out of work from 04.30.2019 to 05.31.2019 related to ongoing musculoskeletal issues."

- On May 29, 2019, Dr. Chunchu wrote that TS was "re evaluated [sic] today" and an MRI of his thoracic back was ordered because of his on-going pain. The Doctor said TS would require "continuous leave through June 14 while waiting for MRI results. The doctor concluded that if "no significant impairment" were found, then "we will work on transitioning back to light duty."

The results of the MRI have not been disclosed, nor any follow-up reports from Dr. Chunchu regarding "musculoskeletal issues." It appears this justification for not working died on the vine in May 2019.

- On May 11, 2021, clinical psychologist Erin McKee wrote that she had been meeting with TS "twice monthly since July 2019." She said he has "severe Posttraumatic Stress Disorder (PTSD) and secondary Major Depressive Disorder, Recurrent, Severe, without psychotic features (MDD)." According to the provider, these disorders "are both directly related to his extremely traumatic experience of being nearly beaten to death by seventeen members of the Aryan Nation on Martyrs [sic] Day." She concludes he is unemployable.

The psychologist no doubt reported accurately TS's version of the assault, which appears to be wildly exaggerated. TS sustained no life-threatening injuries in the assault. TS was not assaulted by members of "the Aryan Nation." Nor was he assaulted by seventeen people. [1]

- On May 27, 2021, clinical psychologist McKee wrote another report, repeating her diagnosis and conclusions based on TS's fanciful version of the assault. She says TS "reports daily panic attacks and constant hypervigilance that has not abated," and that he "continues to be unemployable."

- On July 27, 2021, TS reported to CVCP that "I have not worked nor was I able to work due to a crime-related injury / illness from: 12.14.2020 to 01.19.2022." Appended to his statement is a report from provider McKee dated July 26, 2021. She certified that TS "has been unable to return to any type of work from 12.14.2020 to 08.19.2022." Although she says TS is "currently unemployable," she expects to release him for "return to work on 08.19.2022." She reports that she last met with TS on May 19, 2021. And she said that TS's symptoms "make it *impossible* for him to function socially and occupationally." (emphasis added).

The responses called for in the CVCP form relate to past events, not future eventualities. Nevertheless, TS and his psychologist provide predictions. Thus, in July 2021, TS himself predicted he would be able to return to work on January 19, 2022. His psychologist's prediction was that the return to work could not occur until August 19, 2022. Neither estimate of TS's future inability to work is supported by any reasoning or data. The six-month discrepancy is unexplained. But these resemble wild guesses.

Furthermore, the assertion that TS's PTSD symptoms "make it *impossible* for him to function socially and occupationally" appears to be an exaggeration.

- Finally, On October 27, 2021, psychologist McKee produced a final report. She repeats her claim that she has been seeing TS "twice monthly since July of 2019." She repeats her diagnosis and conclusions based on TS's fictitious version of the assault. She says TS still experiences "daily panic attacks and constant hypervigilance that has not abated," and that he "continues to be unemployable."

---

[1] The assault was video recorded. The recording does not show 17 people assaulting TS – only four.

DEFENDANT'S OBJECTIONS TO
RESTITUTION DEMAND – 3

LAW OFFICES OF STEPHAN R. ILLA, P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA 98110
(206) 817-4142

The psychologist's assertion that she has seen TS "twice monthly" since July 2019 flatly contradicts her July 27, 2021 statement to the CVCP that she last met with her client on May 19, 2021. That not what "twice monthly" means. In addition, the last report says nothing about an expected return to work date.

No further evidence of TS's supposed inability to work has been provided. The last report was generated over a year ago. No restitution award should rest on such frail reeds.

### 2. Objection to Claim for Future Counseling Expenses:

The defense concedes that Mr. DeSimas should be ordered to reimburse TS's insurer for past counseling costs from 2019 through 2021. This includes the $1,363.00 detailed in attachment 1 to docket 179-1; and the $1,050.00 identified in attachment 2 to docket 179-1. From 2019 through 2021, the government says TS attended 39 counseling sessions, an average of a little over one per month.

**The defense objects to the demand for future counseling expenses.** The government demands $6,720 for future medical expenses. The claim is supported by a November 15, 2022 letter from TS's physician in Hammond, Louisiana, Dr. Kristen Ducote, who is board certified in family medicine. [2] Dr. Ducote says that she has been treating TS since April 2022 for PSTD, generalized anxiety disorder and TBI Dx codes S06.9X9S, *et al*. [3] The doctor recommends that TS "continues counselling [*sic*] in the future for the listed diagnosis's [*sic*] above." The doctor recommends a year of weekly sessions at $80 a pop, followed by bimonthly meetings for another

---

[2] https://www.stlukeshc.com/provider/kristen-ducote-md.
[3] *S06.9X9S* and its associated codes means "Unspecified intracranial injury with loss of consciousness of unspecified duration, sequela."

DEFENDANT'S OBJECTIONS TO
RESTITUTION DEMAND – 4

LAW OFFICES OF STEPHAN R. ILLA, P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA 98110
(206) 817-4142

year, and completed with a year of monthly appointments.  This amounts to 90 additional counseling sessions.

As a preliminary matter, the Court should note the good news in the doctor's report.  First, TS no longer suffers from "Major Depressive Disorder, Recurrent, Severe, without psychotic features (MDD)" a malady that plagued him in May 2021.  Second, Dr. Ducote does not appear to concur with the psychologist's conclusion that TS's symptoms "make it *impossible* for him to function socially and occupationally."  Finally, the doctor says nothing about TS being unable to work because of his impairments.

The need for three additional years of psychological care has not been demonstrated.  In the three years following the assault, TS had 39 counseling sessions.  Dr. Ducote recommends three *additional* years of counseling at a vastly accelerated pace, with 52 additional sessions during the first year alone.  Year two requires 26 more, followed by 12 more in year three.  The basis for this recommended course of treatment is never described.  Instead, the protocol appears to have been pulled out of thin air.  Because the proof submitted is insufficient, the claim for additional counseling expenses should be denied.

Respectfully Submitted on January 21, 2023.

LAW OFFICES OF STEPHAN R. ILLA, INC., P.S.



Stephan R. Illa
WSBA No. 15793
Attorney for Defendant

DEFENDANT'S OBJECTIONS TO
RESTITUTION DEMAND – 5

LAW OFFICES OF STEPHAN R. ILLA, P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA  98110
(206) 817-4142